RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/20/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER ATES | CIVIL ACTION NO. 1:12-CV-518 |
| VERSUS | JUDGE DRELL |
| TIM WILKINSON, ET AL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Christopher Ates, proceeding in forma pauperis, filed the 12-instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff complains about being denied visitation with his nephews.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff is a convicted sex offender who complains that he is being denied visitation with his nephews, who are minor children. He seeks a court order authorizing visitation between Plaintiff and his nephews, $3,500 in compensation for his emotional injury, and a court order to transfer Plaintiff from WNC to Louisiana State Penitentiary.

### *Law and Analysis*

First, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and

laws of the United States and present factual, nonconclusory allegations that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff contends that the defendants will not allow him visitation with his minor nephews. He has failed to allege a violation of the Constitution or laws of the United States, and his complaint must therefore be dismissed.

Second, even if Plaintiff could allege the violation of a constitutional right, his claim is frivolous. Plaintiff claims that, per LDOC policy, he is entitled to visit with his minor nephews because he has successfully completed sex offender treatment programs at WNC. Plaintiff offers in support of his claim a memorandum outlining La. Dept. Of Corrections Regulation C-02-008. However, that regulation explicitly contradicts Plaintiff's contention. The regulation provides, in relevant part:

> "In addition, if you have a current or prior conviction for a sex crime involving a minor child who is not a family member you are ineligible to visit with any minor child." [Doc. #1-2, p.2]

The regulation goes on to provide an exception to the general rule:

> "Special visits for offenders who have successfully completed or are participating in sex offender treatment **_may be considered by the Warden_**." [Doc. #1-2, p.2 (emphasis added)]

Plaintiff was convicted of a sex offense involving a 9 year old child. [Doc. #1-2, p.2] Therefore, per the general rule, he is ineligible to visit with any minor child, even relatives. Although there is an exception to the rule, quoted above, the exception is

not a guarantee. The plain language of the regulation is clear that completion of the sex offender treatment program *does not guarantee* visitation with minor children. It only gives the warden the authority to *even consider* granting such a privilege to an inmate.

With regard to Plaintiff's request for a transfer to LSP, the claim should be dismissed. Plaintiff has no federal constitutional right to be housed in any particular facility or to be transferred from one prison facility to another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).

### *Conclusion*

For the forgoing reasons, IT IS RECOMMENDED that Plaintiff's complaint be DENIED AND DISMISSED with prejudice as frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of June, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE